UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES MARTIN, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 1:22-cv-00693-JMS-MG |
| PENN NATIONAL GAMING, INC., | ) ) ) |
| Defendant. | ) ) |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT**
**AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on seven motions or other "requests" filed by pro se Plaintiff James Martin in the last two business days. [Filing Nos. 10, 11, 12, 13, 14, 17, 18]. As discussed below, the Court **dismisses this case with prejudice** and **denies** all of Plaintiff's pending motions.

**I.**

**BACKGROUND**

Plaintiff James Martin is a familiar pro se litigant in this Court and has been warned that his abusive filing practices may lead to the imposition of filing restrictions or other sanctions. *See Martin v. Penn Nat'l Gaming, Inc.*, No. 1:21-cv-02043-JMS-MG (S.D. Ind. Aug. 5, 2021). Since 2015, Plaintiff has filed seventeen lawsuits here – twelve of which he filed in the past year alone.[1]

---

[1] All of plaintiff's cases have been dismissed, save one which was transferred to another court as part of multi-district litigation. *Martin v. Boehringer Ingelheim*, No. 1:20-cv-00449-SEB-MJD (S.D. Ind. May 4, 2020). Three of Plaintiff's cases were dismissed for lack of subject matter jurisdiction. *Martin v. Medical Informatics Engineering, Inc.*, No. 1:15-cv-01341-WTL-TAB (S.D. Ind. Sept. 22, 2015); *Martin v. Kroger Co.*, No. 1:21-cv-00717-JRS-DML (S.D. Ind. Mar. 23, 2021); *Martin v. Kroger Co.*, No. 1:21-cv-01214-SEB-DML (S.D. Ind. July 7, 2021). Two were dismissed on screening for failure to state a claim. *Martin v. Colonial Coin Laundry*, No. 1:21-cv-02106-JRS-TAB (S.D. Ind. Mar. 4, 2022). *Martin v. Johnson Mem. Health Physician Network, LLC*, No. 1:21-cv-02653-SEB-DLP (S.D. Ind. Nov. 30, 2021); Nine cases were

Proceeding *in forma pauperis*, Plaintiff has amassed over $5,000 in unpaid filing fees – until his last motion to proceed *in forma pauperis* was denied after the Court found his allegation of poverty to be untrue. *Martin v. The Kroger Co.*, No. 1:21-cv-02821-TWP-MG, Filing No. 4 at 3-4, (S.D. Ind. Dec. 1, 2021). Plaintiff often sues the same defendants multiple times, and he has already sued Defendant Penn National Gaming, Inc. twice in this Court. *Martin v. Penn Nat'l Gaming, Inc.*, No. 1:21-cv-00449-JRS-DLP (S.D. Ind. Mar. 19, 2021) (dismissed with prejudice on Plaintiff's motion); *Martin v. Penn Nat'l Gaming, Inc.*, No. 1:21-cv-02043-JMS-MG (S.D. Ind. Aug. 5, 2021) (dismissed without prejudice on Plaintiff's motion). He has been warned that his serial filing of lawsuits has resulted in "substantial abuses of the Court's time and resources." *Martin v. Johnson Memorial Health Physician Network, LLC*, No. 1:21-cv-02653-SEB-DLP, Filing No. 6 at 3, (S.D. Ind. Nov. 30, 2021). When the Court recently declined to reopen Plaintiff's last case against this Defendant, the Court warned:

> Plaintiff's attempt to reopen this closed case after voluntarily dismissing it appears to be yet another attempt to manipulate the Court and abuse the litigation process. The Court advises Plaintiff that it has the authority to restrict his ability to file actions and to assess fines against him for engaging in abusive and frivolous litigation practices. The Court may elect to use this power if Plaintiff's practices do not cease. This is Mr. Martin's last warning. . . . Plaintiff is strongly cautioned against continuing his abusive filing practices in this Court.

*Martin v. Penn Nat'l Gaming, Inc.*, No. 1:21-cv-02043-JMS-MG (S.D. Ind. Mar. 25, 2022).

---

dismissed on Plaintiff's motion. *Martin v. Autozone Inc.*, No. 1:16-cv-02403-JMS-DML (S.D. Ind. Sept. 29, 2016); *Martin v. PNC Fin. Svcs. Grp.*, No. 1:19-cv-00222-SEB-MPB (S.D. Ind. Feb. 21, 2019); *Martin v. Penn Nat'l Gaming, Inc.*, No. 1:21-cv-00449-JRS-DLP (S.D. Ind. Mar. 19, 2021); *Martin v. Caesar's Ent. Op. Co.*, No. 1:21-cv-00718-RLY-MJD (S.D. Ind. Mar. 31, 2021); *Martin v. Keurig Dr. Pepper*, No. 1:21-cv-00669-JMS-MPB (S.D. Ind. May 20, 2021); *Martin v. Penn Nat'l Gaming, Inc.*, No. 1:21-cv-02043-JMS-MG (S.D. Ind. Aug. 5, 2021); *Martin v. City of Lawrenceburg, Indiana*, No. 1:21-cv-02196-SEB-MJD (S.D. Ind. Oct. 12, 2021); *Martin v. Tri-State Valet*, No. 1:21-cv-02287-SEB-TAB (S.D. Ind. Oct. 12, 2021); *Martin v. Tri-State Parking, Inc.*, No. 1:21-cv-02248-SEB-TAB (S.D. Ind. Oct. 12, 2021); *Martin v. The Kroger Company*, No. 1:21-cv-02821-TWP-MG (S.D. Ind. Dec. 10, 2021). *Martin v. Boyd Gaming Corp.*, No. 1:21-cv-02581-JPH-TAB (S.D. Ind. Dec. 2, 2021).

## II.

### DISCUSSION

In what appears to be yet another attempt to manipulate the Court, Plaintiff has attempted to circumvent a potential sanction by filing his latest Complaint against Defendant in state court —a common tactic by abusive filers attempting to avoid a filing ban. *See Tidwell v. Siddiqui*, No. 20-CV-01064-SPM, 2020 WL 7388468, at *2 (S.D. Ill. Dec. 16, 2020). The Complaint was filed on March 17, 2022. On April 7, 2022, Defendant removed the action to this Court. [Filing No. 1]. In the course of the proceedings in state court Plaintiff has filed no fewer than three amended complaints, a motion to sanction Defendant's counsel, and numerous other documents. [Filing No. 1-1]. Since the removal – **two business days ago** - he has made the following **ten filings** in this Court:

- A fourth amended complaint, spanning twenty-seven pages, including several pages complaining, among other things, that he believes he caught COVID-19 in the Defendant casino's nightclub. [Filing No. 8].
- A notice of pro se appearance. [Filing No. 9].
- A motion to appoint counsel. [Filing No. 10].
- Motion for Preliminary Injunction [Filing No. 11].
- A motion for arbitration. [Filing No. 12].
- A motion to recuse the undersigned judge because she warned him in another case that he risks sanctions for his abusive litigation practices. [Filing No. 13].
- A motion asking the Court to "construe all claims and amended complaints as one filing absorbing all issues into one case for judicial review. [Filing No. 14].
- First Set of Interrogatories apparently served on Defendant. [Filing No. 15].
- Request for Production of Documents apparently served on Defendant. [Filing No. 16].
- Injunction Request and [Fifth] Amended Complaint [Filing No. 17].
- A request to consider all amended complaints as one complaint, again asking the Court to consider all of his complaints as one complaint, "avoiding the plaintiff fr[o]m having to redraft" his complaints. [Filing No. 18].

Plaintiff's filing practices in the two days since this case has been removed make it abundantly clear that he has not heeded the Court's warnings to cease his abusive filing practices, and that he has no intention of doing so.

"District courts 'possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186, (2017) (internal citations omitted)). Disrespectful, rude, and disruptive behavior cannot be tolerated. *See Fuery*, 900 F.3d at 463 (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 52 U.S. 821, 833 (1994) ("Courts traditionally have broad authority through means other than contempt — such as by . . . entering default judgment—to penalize a party's failure to comply with the rules of conduct governing the litigation process.").

Additionally, district courts may dismiss a case to sanction "willful," "malicious," and "flagrant" violations of Federal Rule of Civil Procedure 11. *Jimenez v. Madison Area Tech. Coll.*, 321 F.3d 652, 656-57 (7th Cir. 2003). Under Rule 11, when a party submits a pleading, written motion, or other paper to the court, the party certifies, among other things, that the paper "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that any "factual contentions have evidentiary support." Fed. R.Civ. P. 11(b).

Dismissal is appropriate only in extreme situations – where there is a clear record of delay or contumacious conduct, and where it appears no other sanction will be effective. *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177-78 (7th Cir. 1987).

The Court is mindful that Plaintiff is proceeding pro se, and that "[a] document filed pro se is to be liberally construed, and . . . must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, it is well established that pro se litigants are not excused from compliance with procedural rules. *See Pearle Vision, Inc. v. Romm,* 541 F.3d 751, 758 (7th Cir. 2008) (observing that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel") (internal quotation omitted); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced").

The Court finds that Plaintiff's continuing course of conduct in litigation is a willful and deliberate abuse of the judicial process, especially considering the Court's prior warnings. The Court further finds that Plaintiff's pleadings and other filings violate Rule 11 because they are presented to harass, cause unnecessary delay, and needlessly increase the cost of litigation, and the Court finds that this conduct was willful. The Court has considered the proper sanction and finds that dismissal is necessary to conserve the resources of the judiciary and to end Plaintiff's abusive conduct. Thus, this action is **DISMISSED WITH PREJUDICE**. Plaintiff's pending motions and "requests" are **DENIED AS MOOT**.

### III.

#### Conclusion

For the foregoing reasons, the Court **DISMISSES** this action **WITH PREJUDICE**, and **DENIES** Plaintiff's pending motions [Filing Nos. 10, 11, 12, 13, and 14] **AS MOOT.**

As recounted above, Plaintiff has been warned that abusive filing practices could result in sanctions. Indeed, less than three weeks ago—in a case against this very Defendant—he received his "last warning." *Martin v. Penn Nat'l Gaming, Inc.*, No. 1:21-cv-02043-JMS-MG (S.D. Ind. Mar. 25, 2022). Accordingly, the Clerk is directed to refer the matter of James Martin's filing practices to the Chief Judge for whatever action she deems warranted.

Final judgment shall enter accordingly.

SO ORDERED.

Date: 4/12/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel by ECF

Clerk of Court, Shelby Circuit Court
407 S Harrison St # 206
Shelbyville, IN 46176

James Martin
735 1/2 Center Street
Shelbyville, IN 46176